**VOGEL BACH & HORN, LLP**
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
1441 Broadway, 5th Floor
New York, New York 10018
Tel. (212) 242-8350
Fax (646) 607-2075

*Proposed Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| In re Bom Dia Realty Inc., | Case No. 16-44341 (NHL) |
| Debtor. | |

**DECLARATION OF ERIC H. HORN IN SUPPORT OF APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE EMPLOYMENT AND RETENTION OF VOGEL BACH & HORN, LLP AS COUNSEL FOR THE DEBTOR**

Eric H. Horn, being duly sworn, states the following under penalty of perjury:

1. I am a member of Vogel Bach & Horn, LLP (the "*Firm*") located at 1441 Broadway, 5th Floor, New York, New York 10018. I am a member in good standing of the Bar of the States of New Jersey and New York, and am admitted to practice before this Court.

2. I am in all respects competent to make this Declaration in support of the application (the "*Application*")[1] to retain the Firm as counsel for the above-captioned debtor and debtor-in-possession (the "*Debtor*") pursuant to sections 327(a) and 328 of the Bankruptcy Code,

---

[1] Capitalized terms which are not defined herein shall have the meanings set forth in the Application.

Bankruptcy Rule 2014(a), and Local Rule 2014-1. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

## QUALIFICATIONS AND DISINTERESTEDNESS

3. I and other attorneys at the Firm have extensive experience and expertise in representing debtors and trustees in connection with Chapter 11 cases.

4. The Firm has reviewed the Debtor's Chapter 11 petition, related documents and the list of the names of individual and entities that may be parties-in-interest in this Chapter 11 Case (the "***Potential Parties-In-Interest***").

5. To the best of my knowledge, information and belief, with respect to the above-captioned case, except as set forth herein, neither I nor any member, attorney or employee of the Firm has any connection with:

- the directors and officers of the Debtor;
- the Debtor's lenders and lienholders; or
- the Debtor's 30 largest unsecured creditors.

The Firm currently represents clients (the debtor) in cases where the Debtor's principal (Sanford Solny) is an officer and/or equity holder. Those cases are as follows:

- In re Shore PKWY II Realty Inc., Case No. 16-40147 (Bankr. E.D.N.Y.)
- In re JBL Properties Inc., Case No. 16-43604 (Bankr. E.D.N.Y.)
- In re Allstate Realty USA Corp., Case No. 16-44219 (Bankr. E.D.N.Y.)
- In re Shepherd Ave Realty, Inc., Case No. 16-42758 (Bankr. E.D.N.Y.)

6. Neither I nor any member, attorney or employee of the Firm has ever been a member, officer or employee of the Debtor or had an interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

7. The Firm is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, in that the Firm, its partners, counsel and associates, except as disclosed herein:

(a) are not creditors, equity holders or insiders of the Debtor

(b) are not and were not, within two years before the Petition Date, directors, officers or employees of the Debtor; and

(c) do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

8. I am not related, and to the best of my knowledge, no attorney at the Firm is related to any United States Bankruptcy Judge in the Eastern District of New York or to the U.S. Trustee or any employee thereof.

9. Moreover, the Firm is not disqualified from acting as the Debtor's counsel merely because it may represent creditors, equity holders and/or other parties-in-interest in matters unrelated to this Chapter 11 Case.

10. The Firm will periodically review its files during the pendency of this Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Firm will use its reasonable efforts to identify any such further developments and will promptly file a supplemental affidavit as required by Bankruptcy Rule 2014(a).

**THE FIRM'S CONNECTIONS WITH PARTIES-IN-INTEREST
IN MATTERS UNRELATED TO THIS CHAPTER 11 CASE**

11. The Firm and certain of its partners, counsel and associates may have represented in the past, and may likely represent in the future, parties-in-interest of the Debtor in connection with matters unrelated to the Debtor and this Chapter 11 Case. The Firm has

reviewed the list of Potential Parties-In-Interest for any connection it may have to those parties and has not found any.

12. In the event any new facts or relationships subsequently are discovered during the pendency of these Chapter 11 Cases, the Firm will supplement this Declaration and file the same with the Court.

## PROFESSIONAL COMPENSATION

13. During this Chapter 11 Case, the Firm will file applications for allowance of compensation and reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines established by the United States Trustee.

14. The Debtor and the Firm have agreed that the Firm will be compensated at an hourly rate of $225 plus costs and expenses. Prior to the filing of this case, the Firm received a retainer of $2,500 as disclosed in a "Lar-Dan" declaration filed contemporaneously herewith.

15. The Firm is not sharing its professional fees with any party.

DATED:   October 15, 2016

/s/ Eric H. Horn
Eric H. Horn